**Buck JACKSON, Plaintiff-Appellee,**

v.

**MARATHON OIL COMPANY,
Defendant-Appellant.**

**No. 29911.**

United States Court of Appeals,
Fifth Circuit.

April 19, 1971.

W. B. Browder, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, Tex., Jack M. McAdams, Houston, Tex., for defendant-appellant.

Roddy L. Harrison, Pecos, Tex., for plaintiff-appellee.

Before WISDOM, THORNBERRY, and DYER, Circuit Judges.

PER CURIAM:

Buck Jackson sued Marathon Oil Company, an Ohio Corporation, in Texas state courts. He alleged that Marathon negligently allowed crude oil to leak from its oil flow lines on his property and that a number of his cattle died as a result of drinking this oil. Marathon was operating a number of wells and appurtenant flow-lines on Jackson's ranch under mineral leases.

Marathon removed the case to the federal district court, basing jurisdiction on diversity of citizenship. After a jury

trial, Jackson won a verdict of $7590. Marathon appeals.

Marathon contends that the court used an erroneous standard of care in its instructions to the jury and that there was insufficient evidence to support the jury's finding of negligence and proximate cause. We pass over these points and the facts necessary to determine them because we find another contention by Marathon determinative. In its original answer to the plaintiff's complaint, its motion for judgment at the end of all the evidence, and its motion for judgment n. o. v., Marathon relied on the fact that Jackson had executed for due consideration releases immunizing the company from such liability. The trial judge denied motions for judgment in Marathon's favor, but gave no reasons for finding that the releases did not relieve Marathon of liability in this case.

The releases executed by Jackson to the oil company contain very broad terms. They release the company " * * from all claims and causes of action of every kind and character, if any, which I am, or may hereafter become, entitled to assert by reason of, or arising out of or in any way incident or appertaining to the drilling, completion, operating and producing (including all future producing operations) * * * " of the company's wells. Over several years in the early 1950's, Jackson executed such releases involving approximately 35 wells in return for almost $4000.

At the trial, the plaintiff made no effort to disavow these releases or to argue that they did not apply to the wells in question. Nor did he attempt to show that the intent of the parties was anything other than appears from the face of the releases.

On appeal, plaintiff Jackson makes two arguments in support of his view that the releases do not relieve Marathon of liability in this case. The first is that the releases apply only to surface damage to land and grass, and do not cover injury to his cattle; second, that the releases cover only damage created at the sites of the oil wells and not that created along the flow lines necessarily constructed to carry the oil away.

Without attempting to construe the limits of the immunity created by the releases, we find that they cover at least the negligent causing of the type of property damage involved here.

The language of the releases refers to the operating and producing of the wells. Flow lines to carry off the oil from the wells are a normal and necessary part of this activity. To construe the releases as giving immunity for damage caused at the well sites but not that caused along the flow lines would arbitrarily narrow the broad terms of the releases. The language of the releases refutes the contention that only damage to the surface of the land was contemplated in the agreements. The type of injury occurring here, foreseeable whenever oil production and cattle grazing proceed on the same land, would seem just the kind of damage that the releases were designed to cover.

For these reasons, the judgment of the district court is reversed and the case is remanded to the district court with directions to enter judgment in favor of defendant Marathon Oil Company.